SCHOTT, Judge.
This case arose out of an automobile accident which occurred in the early afternoon of June 26, 1971, on the West Bank Expressway in the Town of Westwego in Jefferson Parish. The Expressway consisted of two traffic lanes on each side of a neutral ground with the lanes marked by stripes and with the outside lanes adjacent to shoulders built up with shells. Prior to the accident Clifton J. Breaux was operating a 1962 Chevrolet in an easterly direction in the lane adjacent to' the neutral ground. In his automobile as a passenger was Mrs. Jo Ann Breaux, now his wife, who was seated on the right side of the front seat. Following them in the same lane of traffic was a 1966 Ford automobile owned by Robert J. LeBlanc, operated at the time by his daughter, Mrs. Charles Wilson, and occupied also by Mrs. Wilson’s brother, Robert J. LeBlanc, Jr., and her two young children.
As the Breaux automobile approached the intersection with Avenue H two other *803 automobiles turned left from the opposite side of the highway, traversed the neutral ground and continued across the east bound side of the Expressway in front of the Breaux automobile. Breaux slowed down to avoid collision and at a point beyond Avenue H he began to change from his left to his right lane of traffic, whereupon a collision occurred between his automobile and the Wilson-LeBlanc automobile which had also changed lanes and was in the process of passing the Breaux automobile when the accident occurred. The impacts were at the right rear door of the Breaux automobile and the left front of the Wilson-LeBlanc automobile.
Claims were filed by Mrs. Breaux and Mrs. Wilson for personal injuries, Mr. Wilson for his wife’s medical expenses and Robert J. LeBlanc, Sr. for property damage to his automobile. Mrs. Breaux’s action was against Mr. and Mrs. Wilson and their liability insurer, State Farm Mutual Automobile Insurance Company. Mr. and Mrs. Wilsons’ (action was against Mr. Breaux and Stale Farm under the uninsured motorist provisions of its policy on Mr. and Mrs. Wilson, and Mr. LeBlanc’s action was against Mr. Breaux.
The case was tried on stipulated damages of $2,750 in favor of Mrs. Breaux, $750 in favor of Mrs. Wilson, and $613.90 in favor of Mr. LeBlanc. After a trial on the issue of liability the trial judge awarded judgment to Mrs. Breaux for $2,750 against the Wilsons and their insurer and dismissed the claims of the Wilsons and Robert J. LeBlanc. From this judgment the Wilsons and Mr. LeBlanc have appealed.
In written reasons, the trial judge found that the accident was caused by joint negligence of Mr. Breaux and Mrs. Wilson, Mr. Breaux’s negligence consisting in his failure to keep a proper lookout and to make certain that it was safe to change lanes before doing so, and Mrs. Wilson’s negligence consisting in her failure to apply her brakes to avoid the accident or to take other preventative measures to avoid the collision and to be certain that it was safe for her to move into the right lane before doing so. He found that she was in the process of changing lanes at the time of the accident.
It has been admitted by all parties that at the time of the accident Mrs. Wilson was using her father’s automobile on a mission of her own and was not in any capacity which would serve as a basis for the imputation of her negligence to him as the owner of the car. Consequently, the judgment must be amended at least to the extent that Mr. LeBlanc is entitled to recover from Mr. Breaux the sum of $613.90.
The only issue for us to resolve is whether there was any negligence on the part of Mrs. Wilson which would make her liable to Mrs. Breaux for her injuries.
In this Court Mrs. Wilson’s position is that she was in the process of passing the Breaux automobile as authorized by LSA-R.S. 32:74, that there was no negligence on her part but that the accident was caused by the negligence of Mr. Breaux changing lanes in violation of LSA-R.S. 32:79.
She testified that she had changed from her left to her right lane behind Mr. Breaux when she was about in the middle of the Avenue H intersection, she had begun to overtake Breaux, who was wholly within the left lane and had traveled about 20 or 30 feet past the intersection when he suddenly pulled over giving her no chance to apply her brakes. Her testimony is essentially corroborated by her 17-year old brother who was seated on the right side of the front seat of her car. While their testimony is in conflict with the trial judge’s finding that she was in the process of changing lanes at the time of the accident, it is consistent with his finding that she did not apply her brakes prior to the accident, but this is not consistent with the testimony of every witness called by Mr. and Mrs. Breaux. Mrs. Breaux testified that as her husband pulled into the right *804 lane she heard the screech of brakes from the Wilson car and saw it coming, whereupon she cried out “She’s going to hit us.” Mr. Breaux testified that he found skid marks after the accident leading from three or four feet on the inside of the left lane to the rear wheels of the Wilson car which came to rest on an angle with both front wheels off the roadway on the shoulder and the rear wheels still on the road. Norman Vicknair, a Westwego policeman, who investigated the accident testified that upon his arrival at the scene the Breaux automobile was located on an angle partial-, ly in both lanes and the Wilson automobile was also at an angle facing in the same direction as the Breaux automobile but not off the road, the front wheels of the car being on the roadway.
According to this witness skid marks originating about three feet in the left lane were 43 to 51 feet in length leading to the rear of the Wilson automobile. Another Westwego policeman, Mr. Nolen Dufrane, who assisted Mr. Vicknair, also testified that both automobiles were on the roadway and that Mrs. Wilson’s car left skid marks originating in the left lane and measuring approximately 50 feet.
The Wilsons maintain that she was driving in her right lane of traffic overtaking Breaux and that she did not put on her brakes because she did not have time to do so. The Breaux position is that at about the same time as Breaux began to change lanes Mrs. Wilson also began to change lanes, whereupon sensing the impending danger she applied her brakes skidding diagonally in to the Breaux automobile. In a sense the findings of the trial judge are not in agreement with either of these positions since he found that Mrs. Wilson at no time applied her brakes but was indeed in the process of changing lanes when the accident occurred.
In reconciling this contradiction we must conclude that the trial judge’s findings cannot be taken in their literal sense because certainly Mrs. Wilson had to apply her brakes at some point in time, she having been proceeding at a rate of 40 miles per hour prior to the accident and coming to a stop at a point not far beyond the point of the accident. But the crucial point of difference, that is, whether Mrs. Wilson was wholly within the right lane, or whether Mrs. Wilson began to change from her left lane to her right lane at the approximate same time as Breaux began to change lanes was resolved in Breaux’s favor by the trial judge after he heard all of the witnesses and observed their demeanor on the stand. In addition to the location and nature of the skid marks which the trial judge must have considered there was also Mr. Vicknair’s testimony that Mrs. Wilson stated to him that she was attempting to change from the left to the right lane when the collision occurred.
The heart of Mrs. Wilson’s case seems to be that since Mr. Breaux, a deputy sheriff for the Parish of Jefferson, was a personal friend of Mr. Dufrane we should reject his testimony as prejudiced. Similarly we are asked to disregard the testimony of the investigating officer, Mr. Vicknair, on the theory that he was naturally prejudiced in favor of his brother police officer, Mr. Breaux. But this addresses itself purely and simply to the credibility to be afforded to witnesses, and there is no basis for disturbing the trial judge’s assessment thereof.
We conclude that there is no manifest error in the findings of the trial judge to the effect that Mrs. Wilson’s negligence, consisting in her changing lanes when it was not safe for her to do so, was a proximate cause of this accident, and accordingly that portion of the judgment which dismissed the claims of the Wilsons is affirmed. But, the judgment is reversed insofar as it dismissed the claim of Robert J. LeBlanc and there is judgment in favor of plaintiff, Robert J. LeBlanc, and against defendant, Clifton J. Breaux, in the sum of *805 $613.90, with legal interest from date of judicial demand until paid and for all costs of these proceedings. The costs of this appeal are assessed against defendant-appel-lee, Clifton J. Breaux.
Affirmed in part, reversed in part.